UNITED STATES *v.* FIELDING and others.

*(Circuit Court, D. Missouri. March, 1882.)*

1. INTERNAL-REVENUE STAMPS—COMMISSIONS ON SALES—REV. ST. § 3425.
    Commissions to purchasers of internal-revenue stamps, under Rev. St. § 3425, must be paid in cash, whether the stamps purchased are paid for in cash, or the purchaser obtains a credit of 60 days, and gives bond as provided by such section.

2. SAME—PAYMENT IN STAMPS.
    The practice of the internal revenue department of paying such commissions in stamps instead of money, is not authorized by the statute.

At Law.

*William H. Bliss,* Dist. Atty., for the United States.

*Noble & Orrick* and *James T. Allen,* for defendants.

McCRARY, J. This is a suit upon a bond executed to the plaintiff by defendant Mansfield as principal, and the other defendants as sureties, under the provisions of section 3425 of the Revised Statutes of the United States, which is as follows:

"The commissioner of internal revenue is authorized to sell and supply to collectors, deputy collectors, postmasters, stationers, or any other persons, at his discretion, adhesive stamps, or stamped paper, as herein provided for, in amounts of not less than fifty dollars, upon the payment, at the time of delivery, of the amount of duties said stamps or stamped paper, so sold or supplied, represent, and may allow, upon the aggregate amount of such stamps, the sum of not exceeding five per centum as commission to such purchasers; but the cost of any paper shall be paid by the purchaser of such stamped paper. The proprietor of articles named in Schedule A, who furnishes his own die or design for stamps to be used especially for his own proprietary articles, shall be allowed the following commissions: On amounts purchased at one time of not less than fifty dollars nor more than five hundred dollars, five per centum; and on amounts over five hundred dollars, ten per centum on the whole amount purchased: provided, that the commissioner may, from time to time, deliver to any manufacturer of friction or other matches, cigar-lights, or wax-tapers, a suitable quantity of adhesive or other stamps, such as may be prescribed for use in such cases, without prepayment therefor, on a credit not exceeding sixty days, requiring, in advance, such security as he may judge necessary to secure payment therefor to the treasurer of the United States, within the time prescribed for such payment. And upon all bonds or other securities taken by said commissioner, under the provisions of this chapter, suits may be maintained by said treasurer in the circuit or district court of the United States, in the several districts where any of the persons giving said bonds or other securities reside or may be found, in any appropriate form of action."

Defendant Mansfield, under the firm name of F. Mansfield & Co., was engaged in the manufacture of matches, and under the section above named the commissioner of internal revenue was authorized to furnish to him a suitable quantity of adhesive stamps, on a credit of not more than 60 days, upon taking bond and security for the payment therefor within the time prescribed. It was for this purpose that the bond sued on was executed. The case of the government is set out fully in a second amended petition, to which the defendant Mansfield answers in substance as follows:

*First.* He admits the execution of the bond sued on. *Second.* He avers that defendant furnished his own die and design for stamps to be used especially for his own matches, and was therefore entitled to 10 per cent. as commissions upon all purchases over $500. *Third.* That he purchased stamps in amounts at each time of over $500, in all to the amount of $713,955, on a credit of 60 days upon each order; and that he was entitled as commissions thereon to the sum of $71,395.50. *Fourth.* That he has received as such commissions only the sum $63,305, and that he has paid on account of such purchases the sum in all of $633,050. *Fifth.* Defendant admits that there is due the plaintiff, on settlement, the sum of $9,509.50, which he has tendered to plaintiff and now offers to pay.

To this answer the plaintiff demurs. The controlling questions are—*First*, whether the statute contemplates payment of commissions in cash; *second*, whether any commissions are to be allowed where a credit of 60 days is given and bond taken under the statute above named. The section above quoted undoubtedly contemplates the payment of commissions to purchasers of stamps in cash. It plainly provides that the proprietor who furnishes his own die or design shall be allowed commissions, on amounts over $500, of 10 per centum on the whole amount purchased. It seems that the practice of the department has been to send to the purchaser his commissions in stamps, counting such stamps as cash. That is to say, upon an order for stamps to the amount of $500, the commissioner of internal revenue would send to the purchaser who furnished his own die or design $550 in stamps, thus assuming to pay $50 of commissions with $50 in stamps. But this is not authorized by the statute.

There is no provision for paying commissions in anything besides money. Power to allow and pay commissions means power to allow and pay the same in cash; that is, in the same which the government receives upon the sale. No doubt it is competent for the commissioner, with the assent of the purchaser, to make any arrangement which amounts in substance and legal effect to a sale according to the statute. It is not necessary that the purchasers of the stamps should actually pay over their face value to the commissioner and receive back the commissions in cash; but, unless a purchaser waives his right to it, he is entitled to that which is equivalent to 10 cents in cash upon each dollar's worth of stamps purchased. Nor can it be said, as contended by the district attorney, that the extra amount of stamps sent as commissions should be regarded as an additional and separate purchase of that amount, upon which only 5 per cent. commission could be allowed. In each instance there was but one single transaction. And if the commissioner saw fit to send upon an order for $1,000 worth of stamps $1,100 in stamps, and the defendant chose to accept them without objection, this amounted to one purchase of $1,100 in stamps by the defendant.

We are also of the opinion that commissions are to be allowed whether the purchaser pays cash or gives a bond and obtains 60 days' time. The bond is in lieu of present payment. It is provided for in a proviso which was evidently not intended to affect, in any way, the provision previously made with the respect to commissions. There is no reason, founded either in justice or public policy, for holding that the purchaser who avails himself of the privilege of giving bond should be deprived of his commissions; and there is certainly nothing in the terms of the statute that requires such a construction. Such being the true meaning of the act, we hold in the present case that the liability of the defendant Mansfield as principal in the bond sued on is to be ascertained by charging him with all the stamps purchased by him from the government, including such as were sent to him in ex-

cess of the amount ordered by him, and deducting from the total thus ascertained 10 per centum commissions allowed by law. It follows, if the answer is true, that the sum tendered by Mansfield is the sum due, and for which the United States is entitled to judgment. If, therefore, the district attorney stands upon the demurrer to the answer to the second amended petition, there will be judgment accordingly against the defendant Mansfield.

We do not at present pass upon the defense of the sureties on the bond, as it may not be necessary to do so. If the plaintiff accepts the sum tendered and the defendant Mansfield pays it at once, no question as to the rights of the sureties can arise. If this is not done, the court will, upon being so advised, consider and determine the questions raised on behalf of the sureties.